UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHYLLIS SHULER,

      Plaintiff,

v.                                           Case No: 8:16-cv-899-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## OPINION AND ORDER

Plaintiff, Phyllis Shuler, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, child's insurance benefits, and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

**A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

In the matter of child's benefits, a claimant must show that she is 18 years or older and has a disability that began before attaining age 22. *See* 20 C.F.R. 404.350(a)(5).

### C. Procedural History

On May 30, 2012, Plaintiff filed an application for a period of disability and child's insurance benefits, and an application for SSI. (Tr. 197-201, 202-03). In both applications Plaintiff alleged an onset of disability commencing August 1, 1983. (Tr. 197, 202). Plaintiff's applications were denied initially and upon review. (Tr. 105-08, 110-14, 116-21, 125-29, 132-36). Plaintiff requested an administrative hearing and on June 13, 2014, a hearing was held before Administrative Law Judge Steven D. Slahta (the "ALJ"). (Tr. 34-39). On August 4, 2014, the ALJ entered a decision finding that Plaintiff had not been under a disability from August 1, 1983, through the date of the ALJ's decision. (Tr. 15-33). Plaintiff timely requested review of the ALJ's decision and on February 10, 2016, the Appeals Council denied Plaintiff's request. (Tr. 1-3). Plaintiff commenced the instant action by Complaint (Doc. 1) on April 16, 2016.

### D. Summary of the ALJ's Decision

The ALJ acknowledged that Plaintiff had previously received Child's Benefits from 1981 to 1985. (Tr. 18). The ALJ noted that Plaintiff had previously filed an application for SSI on June 18, 2008, alleging disability beginning on January 1, 2002, and that Administrative Law Judge

Stephen C. Calvarese had entered a decision on June 10, 2011, finding that Plaintiff was not disabled. (Tr. 18). The ALJ provided that the doctrine of res judicata applies to the issue of disability before the date of June 10, 2011, and the only remaining issue was whether Plaintiff was disabled at any time since that date. (Tr. 18).

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 1, 1983, her alleged onset date. (Tr. 20). Next, the ALJ found that Plaintiff had no medically determinable impairment prior to age 22. (Tr. 21). The ALJ noted that Plaintiff had received Child's benefits from 1981 to 1985 and that "[a]lthough the Administration found the claimant disabled prior to age 22, they found her no longer disabled since that point." (Tr. 21). The ALJ further provided that

> Through her representative, the claimant requested IQ testing, but due to a long history of cocaine abuse (in remission for one year); I cannot get an accurate IQ before age 22 and/or in the development period.
>
> The claimant alleges worsening of her psychical and mental impairments. However, the medical evidence of record is devoid of any significant records prior to age 22.

(Tr. 21).

At step two, the ALJ found that Plaintiff had the following severe impairments: arthritis, depression, personality disorder, and substance addiction disorder. (Tr. 21). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 21).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant can occasionally

> lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, (with normal breaks) stand and/or walk for 6 hours in an 8-hour workday, sift for a total of about 6 hours in an 8-hour workday. She must avoid concentrated exposure to temperature extremes, unprotected heights and hazards. She is limited to performing simple 1-2 step, routine, repetitive tasks.

(Tr. 22-23). At step four, the ALJ found that Plaintiff had no past relevant work. (Tr. 26).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. 26). In reaching this decision, the ALJ relied on the testimony of a vocational expert who stated that an individual with Plaintiff's RFC could perform the jobs of "housekeeper cleaner" and "sales attendant." (Tr. 27). The ALJ concluded that Plaintiff was not under a disability from August 1, 1983, the alleged onset date, through August 4, 2014, the date of the ALJ's decision. (Tr. 35).

**II.    Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ failed to fully and adequately develop the record. (Doc. 17 p. 6). Plaintiff notes that she previously applied for disability benefits and had received an unfavorable decision issued on June 10, 2011. (Doc. 17 p. 6). Plaintiff contends that the findings of the earlier decision should have been included in the record "if only to form a foundation of the previously found disabling conditions and their depth." (Doc. 17 p. 8). Plaintiff argues that records from the decision in which Plaintiff was found to be entitled to child's insurance benefits from 1981 to 1985 should have been included in the record because this information would show the basis for Plaintiff's previous disability and "might shed light on the current SSI claim." (Doc. 17 p. 9). Further, Plaintiff argues that the ALJ should have referred Plaintiff for IQ testing and for a consultative examination regarding Plaintiff's psychological difficulties. (Doc. 17 p. 10-11).

In response, Defendant contends that substantial evidence supports the ALJ's decision that Plaintiff was not disabled. (Doc. 20 p. 3). Plaintiff argues that the ALJ properly found that absent polysubstance abuse, Plaintiff retained the residual functional capacity to perform light work with additional limitations during the relevant periods. (Doc. 20 p. 4).

Here, the Court finds that this case is the rare case in which remand is necessary because the ALJ failed to provide sufficient reasoning to allow this Court to determine whether a proper legal analysis was conducted. *See Keeton v. Dep't of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994) (providing that the Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."). The Court finds that the ALJ's opinion was insufficient in two ways. First, the ALJ failed to sufficiently explain the application of the doctrine of res judicata to his finding that Plaintiff was not disabled. Second, the ALJ's failed to sufficiently explain his findings concerning Plaintiff's child disability benefits.

The Court turns first to the ALJ's application of the doctrine of res judicata. In his decision, the ALJ noted that Plaintiff had previously applied for supplemental security income on June 18, 2008, alleging disability beginning on January 1, 2002. (Tr. 18). The ALJ noted that ALJ Stephen C. Calvarese entered a decision on June 10, 2011, finding that Plaintiff was not disabled. (Tr. 18). The ALJ found that the doctrine of res judicata applied to issue of disability before that date (i.e., June 10, 2011) and, therefore, that "the only issue remaining is whether the claimant was disabled at any time since that date." (Tr. 18).

It is unclear how the ALJ reached this decision. Administrative res judicata applies in a Social Security case "when the agency has made a previous final decision 'about [a claimant's] rights on the same facts and on the same issue or issues.'" *Moreno v. Astrue*, 366 F. App'x 23, 27

(11th Cir. 2010) (citing 20 C.F.R. § 404.957(c)(1) and *Cash v. Barnhart,* 327 F.3d 1252, 1255 (11th Cir.2003)). In this case, it seems that the administrative decision entered by ALJ Calvarese dated June 10, 2011, adjudicated the period of time from the onset claimed by Plaintiff in the June 18, 2008 application (i.e., an onset date of January 1, 2002), through the date of ALJ Calvarese's decision, June 10, 2011. The Court can only guess that this was the adjudicated period because, as Plaintiff notes, the decision is not contained in the record.

In the instant case, Plaintiff is claiming an onset date of August 1, 1983. The period of time at issue here is far more expansive than the period of time ALJ Calvarese apparently adjudicated previously. While it is possible that res judicata may apply to the determination that Plaintiff was not disabled from January 1, 2002, through June 10, 2011, because there had already been an adjudication of this period, there is nothing in the record to suggest that there has been a determination of Plaintiff's disability from August 1, 1983, to December 31, 2001. For this reason, the Court cannot find that substantial evidence supports the ALJ's application of res judicata to find that "the only issue remaining is whether the claimant was disabled at any time since [June 10, 2011]." (Tr. 18).

This ambiguity could have been avoided if the ALJ provided a greater analysis of the application of res adjudicate to this case, or if ALJ Calvarese's decision had been included in the record. Thus, if for different reasons, the Court finds as persuasive Plaintiff's argument that the ALJ failed to adequately develop the record by not including ALJ Calvarese's decision in the record. On remand, the Court will require the ALJ to more explain in detail the application of res judicata in this case and to include in the administrative record the decision of ALJ Calvarese dated June 10, 2011.

On remand, the Court will also require the ALJ to address the apparent inconsistency between his findings that Plaintiff had no medically determinable impairment prior to age 22 and the fact that Plaintiff was found to be entitled to child's benefits prior to age 22, from 1981 through 1985. (Tr. 18-19, 21, 25). The Court will also require the ALJ to include in the current administrative record the records and documentation from that claim.

### III. Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on August 11, 2017.

*[Signature]*

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties